D. Maimon Kirschenbaum
Yosef Nussbaum
JOSEPH & KIRSCHENBAUM LLP
233 Broadway, 5th Floor
New York, NY 10279
(212) 688-5640
(212) 688-2548 (fax)



*Attorneys for Named Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ONDER ALTAS, SHKELQIM KRASNIQI,
HENRIQUE CASTILLO, AND IGNACIO          COMPLAINT
QUIJANO,

                Plaintiffs,

                v.

PHILIPPE NORTH AMERICA
RESTAURANTS LLC, DAVE 60 NYC, INC.
d/b/a PHILIPPE RESTAURANT,
PHILIPPE CHOW, and STRATIS
MORFOGEN,

                **Defendants.**
-----------------------------------------------------------x



1.     Plaintiffs Shkelqim Krasniqi, Henrique Castillo, and Ignacio Quijano ("Plaintiffs"), by their attorneys, Joseph & Kirschenbaum LLP, allege as follows:

### JURISDICTION AND VENUE

2.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4. All Defendants are hereinafter collectively referred to as "Defendants."

5. Defendant Philippe North America Restaurants LLC is a New York Corporation whose principal place of business is located in Manhattan. Upon information and belief, Philippe North America Restaurants LLC is a parent corporation that controls and directs the activities of the other Defendant corporations. Upon information and belief Philippe North America Restaurants LLC has an annual gross volume of sales in excess of $500,000.

6. Defendant Dave 60 LLC is a New York Corporation. Dave 60 LLC operates Philippe Restaurant in Manhattan. Upon information and belief Dave 60 LLC has an annual gross volume of sales in excess of $500,000.

7. Philippe North America Restaurants LLC and Dave 60 NYC, Inc. d/b/a Philippe Restaurant are hereinafter collectively referred to as "Philippe Chow Restaurant"

8. Defendant Philippe Chow is co-owner and Executive Chef of Philippe Chow Restaurant. Upon information and belief, Defendant Chow exercises sufficient control of Philippe Chow Restaurant Group's day to day operations to be considered an employer of Plaintiffs.

9. Defendant Stratis Morfogen is co-owner and Chief Operating Officer of Philippe Chow Restaurant. Upon information and belief, Defendant Morfogen

exercises sufficient control of Philippe Chow Restaurant's day to day operations to be considered an employer of Plaintiffs.

10. Defendant Chow and Defendant Morfogen are each part owners of Philippe Chow Restaurant.

11. Defendant Chow and Defendant Morfogen have the power to hire and fire Philippe Chow Restaurant employees.

12. Defendant Chow and Defendant Morfogen are actively involved in managing the restaurants' operations. For example, Defendant Chow creates the menu for each restaurant and Plaintiffs would regularly see him on the floor of the Manhattan and East Hamptons locations, where he would inspect the kitchen and interact with customers. Defendant Morfogen does scheduling, hires and fires employees and oversees finances for each restaurant. Plaintiffs would regularly see Defendant Morfogen on the floor of the Manhattan location, where he would discipline employees and interact with customers. Both Defendant Chow and Defendant Morfogen make decisions regarding developing new restaurants.

13. Plaintiff Onder Altas has been employed by Defendants as a server at Philippe Restaurant on 33 East 60th Street in Manhattan since approximately January 2009.

14. Plaintiff Shkelqim Krasniqi has been employed by Defendants as a server at Philippe Restaurant on 33 East 60th Street in Manhattan since approximately April 2007.

15. Plaintiff Henrique Castillo has been employed by Defendants as a server at Philippe Restaurant on 33 East 60th Street in Manhattan since approximately January 2008.

16. Plaintiff Ignacio Quijano has been employed by Defendants as a busboy at Philippe Restaurant on 33 East 60th Street in Manhattan since approximately April 2009.

## FACTS

17. Defendants committed the following alleged acts knowingly, intentionally and willfully.

18. Plaintiffs worked for Defendants within the last three years.

19. In or about June of 2012, Plaintiffs consented to join a lawsuit accusing Defendants of violating the FLSA's overtime requirements and NYLL's regarding the distribution of tips.

20. Almost immediately after Plaintiffs joined that lawsuit, Defendants retaliated against Plaintiff Altas by changing his schedule of four shifts to different days of the week that he was unable to work because it conflicted with his second job.

21. Defendant Morfogen and the managers at Philippe Chow Restaurant knew prior to the lawsuit which days of the week Plaintiff Altas was unable to work because of his second job.

22. Plaintiff Altas informed Defendant Morfogen that he could not work during the days on his new schedule.

23. Defendants refused to change his schedule back and, as a result, Plaintiff Altas was forced to accept a schedule of one shift per week, reduced from four shifts per week.

24. Based on information and belief, Defendants regularly reserved private seating in the basement of the restaurant for wealthy customers and celebrities, such as rappers Rick Ross and Nicki Minaj.

25. Patrons dining in the basement would frequently receive permission from managers and Defendant Morfogen to smoke marijuana in the restaurant. Plaintiffs regularly served these customers, which exposed them to smoke from a harmful and illegal substance.

26. Neither Defendant Morfogen nor the restaurant managers took any action to prevent customers from smoking marijuana or to remove Plaintiffs who complained about the practice from the basement section.

27. Shortly after Plaintiff Krasniqi joined the lawsuit, he took a vacation leave that was approved by Defendant Morfogen both before and after the lawsuit was filed.

28. On July 11th, the day before he left for his vacation, Defendant Morfogen asked Plaintiff Krasniqi to opt-out of the lawsuit. When Plaintiff Krasniqi replied that he and the other Plaintiffs planned to continue with the lawsuit, Defendant Morfogen became extremely upset and threatened to personally sue each individual who joined the lawsuit.

29. Plaintiff Krasniqi responded to Defendant Morfogen by stating that, in addition to the claims in the lawsuit, Defendants allowed customers to smoke marijuana in the basement of the restaurant while Plaintiff Krasniqi and others had to serve their

tables. Additionally, Plaintiff Krasniqi mentioned that he complained many times to the managers, and twice to Defendant Morfogen, that he was unable to breathe when serving those tables and did not want to smell like marijuana when he returned home from his shift to his wife and son.

30. When Plaintiff Krasniqi returned from his vacation on August 14th, Defendant Morfogen retaliated against Plaintiff Krasniqi by terminating his employment through an email that accused him of extortion and making false accusations against Defendants.

31. Almost immediately after the lawsuit was filed, Defendants retaliated against Plaintiff Castillo by reducing his schedule from five shifts per week to two shifts per week.

32. Likewise, Defendants retaliated against Plaintiff Quijano by reducing his schedule from two shifts per week to one shift per week.

## FIRST COUNT
## (FLSA- Retaliation- 29 USC § 215)

33. Plaintiffs incorporate and reallege each preceding paragraph as though set forth in full herein.

34. Defendants willfully and unlawfully retaliated against Plaintiffs for their execution of protected activities, namely their complaint of illegal wage deductions.

35. In retaliating against Plaintiffs, Defendants knowingly acted in deliberate disregard of Plaintiffs' rights.

36. Defendants' conduct violated the FLSA § 215.

37. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered,

and continue to suffer, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits.

38. As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, the Plaintiffs have suffered, and continue to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

## SECOND COUNT
### (New York State Labor Law- Retaliation- New York Labor Law § 215 *et seq*)

39. Plaintiffs incorporate and reallege each preceding paragraph as though set forth in full herein.

40. Defendants willfully and unlawfully retaliated against Plaintiffs for their execution of protected activities, namely their complaint of illegal wage deductions.

41. In retaliating against Plaintiffs, Defendants knowingly acted in deliberate disregard of Plaintiffs' rights.

42. Defendants' conduct violated the New York Labor Law § 215.

43. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits.

44. As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, the Plaintiffs have suffered, and continue to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

## THIRD COUNT
### (New York State Labor Law- Retaliation- New York Labor Law § 740 *et seq)*

45. Plaintiffs incorporate and reallege each preceding paragraph as though set forth in full herein.

46. Defendants willfully and unlawfully retaliated against Plaintiff Krasniqi for complaining about health and safety violations.

47. In retaliating against Plaintiffs, Defendants knowingly acted in deliberate disregard of Plaintiffs' rights.

48. Defendants' conduct violated the New York Labor Law § 740.

49. As a direct and proximate consequence of Defendants' intentional, unlawful, and discriminatory employment policies and practices, Plaintiffs have suffered, and continue to suffer, monetary damages including, but not limited to, a loss of income, including past salary, future salary, and company-sponsored benefits.

50. As a direct and proximate consequence of the Defendants' intentional, unlawful, and discriminatory employment policies and practices, the Plaintiffs have suffered, and continue to suffer, non-monetary damages including, but not limited to, humiliation and mental and physical pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

1. a declaratory judgment that the practices complained herein are unlawful under New York State and Federal law;

2. appropriate equitable and injunctive relief to remedy Defendants' violations of New York and Federal law, including but not limited to an ordering enjoining Defendants from continuing its unlawful practices;

3. an award of damages, exclusive of liquidated damages and prejudgment interest, to be paid by Defendants, according to proof;

4. pre-judgment and post-judgment interest as provided by law;

5. attorneys' fees and costs of suit, including expert fees and fees; and

6. such other injunctive and equitable relief as the Court may deem necessary, just and proper.

Dated: New York, New York
September 13, 2012

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: _____
D. Maimon Kirschenbaum

Yosef Nussbaum
233 Broadway
5th Floor
New York, NY 10279
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.